IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § | |
| *Plaintiff,* | § § | SA-22-CR-00107-OLG |
| vs. | § § § | |
| (1) JAMES PRESTON OBRIEN, | § § | |
| *Defendant.* | § § § | |

## ORDER REGARDING DEFENDANT'S COMPETENCY

On July 14, 2022, the Court held a competency hearing pursuant to 18 U.S.C. § 4247(d), at which Defendant, his counsel, and counsel for the Government appeared. Previously, the Court had ordered Defendant's competency be evaluated pursuant to 18 U.S.C. § 4247. After receiving the forensic psychologist's report [#27] from the Bureau of Prisons, the Court set the case for a competency hearing.

A defendant is competent if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). The Court must determine whether a preponderance of the evidence establishes that Defendant is competent. *See* 18 U.S.C. § 4241(d). The forensic examiner's report concluded that Defendant meets the *Dusky* competency standard. (Report [#27], at 13.) At the hearing, counsel for Defendant stated that he had discussed the report and its conclusion with his client, and he and his client concur that Defendant is competent to proceed to trial. The Court also

1

confirmed through direct questioning that the Defendant understood the charges against him as well as the role the judge, prosecutors, defense counsel, and jury play in his case. Defendant understood the Court's questioning and answered appropriately. Thus, in light of the foregoing,

**IT IS THEREFORE ORDERED** that Defendant is **DEEMED COMPETENT** and the case is **RETURNED** to the District Court for further proceedings.

SIGNED this 14th day of July, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE